UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU COUNTY,<br><br>Defendant. | No. 2:18-cv-02555-KJM-KJN<br><br><br><br>ORDER |

After judgment was entered against him, plaintiff, a prisoner and vexatious litigant proceeding pro se, filed a response to the court's entry of judgment. ECF No. 17. Based on its contents, the court interprets the response as a motion to alter or amend the judgment under Rule 59(e), or to vacate the judgment under Rule 60(b). For the reasons explained below, the court DENIES defendant's motion.

I. BACKGROUND

Plaintiff filed a complaint against Siskiyou County on September 19, 2018, alleging the judgment against him in his criminal case was void, because the court lacked subject matter jurisdiction. Compl., ECF No. 1. Plaintiff moved to proceed in forma pauperis on December 10, 2018. ECF No. 8. The magistrate judge recommended the motion be denied, because plaintiff has "struck out" pursuant to Title 28 U.S.C. § 1915(g). ECF No. 9 at 1. The court adopted the magistrate judge's recommendation and denied plaintiff's motion to proceed in

1

forma pauperis. ECF No. 10. On September 10, 2019, the magistrate judge recommended the court dismiss the case, because plaintiff had not paid the required filing fee, ECF No. 12, and, after considering plaintiff's objections, ECF No. 13, the court adopted the recommendation and dismissed the case, ECF No. 15. The court entered judgment against plaintiff on October 1, 2019. ECF No. 16.

Before the court is plaintiff's "response" to the court's order and entry of judgment, in which plaintiff reiterates the same jurisdictional arguments he made in his complaint and his objections to the findings and recommendations. Mot., ECF No. 17. Accordingly, the court interprets the response as a motion to alter or amend the judgment under Rule 59(e), or to vacate the judgment under Rule 60(b). For the reasons below, the court DENIES plaintiff's motion.

II. RULE 59(e) ARGUMENTS

A. Legal Standard

A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised or presented earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis in original). Such a motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

B. Discussion

Judgment in this case was entered on October 1, 2019. Plaintiff did not file a response until November 20, 2019. Therefore, plaintiff did not meet the 28-day timeline to file a Rule 59(e) motion, and the motion must be dismissed as a result.

/////

Furthermore, plaintiff raised the argument that the judgment against him in his criminal case was obtained by fraud in his objections to the findings and recommendations, which the court considered when deciding whether to adopt the findings and recommendations. *See* Objs., ECF No. 13, at 2, 5; Order, ECF No. 15, at 1. Plaintiff also raised it in his complaint. Compl. at 1. Here, plaintiff makes the same argument again, and does not meet his burden of showing any "newly discovered evidence," that the court previously "committed *clear error*," nor does he point to any "intervening change in the controlling law." *McDowell*, 197 F.3d at 1255.

Accordingly, to the extent plaintiff's moves under Rule 59(e), the motion is DENIED.

III. <u>RULE 60(B)</u>

Under Rule 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, defendant requests relief from judgment because the court allegedly lacks jurisdiction, due to the fact the criminal judgment against him was obtained by "falsely claiming that the evidence [against him] was obtained pursuant to a federal grand jury subpoena that [prosecutors] knew NEVER EXISTED." Mot. at 1. However, the court dismissed plaintiff's complaint because plaintiff failed to pay the required filing fee. *See* Findings and Recommendations, ECF No. 12, at 1; Order, ECF No. 15. Therefore, even if viable, plaintiff's

3

fraud argument does not affect the conclusion that the court must dismiss plaintiff's case for failure to pay the required filing fee.

To the extent plaintiff moves under Rule 60(b), the motion is DENIED.

IV. <u>CONCLUSION</u>

Plaintiff's response to the court's entry of judgment, whether interpreted as a Rule 54 motion or a Rule 60 motion, is DENIED. This order resolves ECF No. 17.

The case remains closed.

IT IS SO ORDERED.

DATED: December 5, 2019.

_____
UNITED STATES DISTRICT JUDGE